IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| GATEWAY DEVELOPMENT COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) THE UNITED STATES, ) ) Defendant. ) | No. 26-176C<br>Judge Hertling |

**DEFENDANT'S MOTION TO AMEND THE SCHEDULE AS TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, the United States, respectfully moves to amend the schedule established by the Court with respect to the pending motion for partial summary judgment (MPSJ) filed by plaintiff, Gateway Development Commission (GDC). Specifically, we request the Court to order that the Government's response be filed on or before April 10, 2026, with plaintiff's reply and oral argument to follow in due course. Finally, we respectfully request expedited treatment of this motion, to relieve the Government of the burden of preparing its response to the MPSJ, which is currently due on February 27, 2026. On February 20, 2026, plaintiff's counsel stated that GDC will oppose this motion.

## STATEMENT OF THE CASE

In its MPSJ, GDC seeks summary judgment on Counts I-VI of its complaint. Specifically, GDC claims breach of contract damages in the amount of $205,275,357.69, a number derived from payments that GDC asserts are owed to it by the United States Department of Transportation (DOT). *See* Pl. MPSJ Br. at 1, ECF No. 18. GDC asserts that DOT was obligated to pay this amount in response to reimbursement requests submitted by GDC to DOT, pursuant to a set of agreements relating to the renovation and construction of passenger rail facilities in New Jersey and New York City, referred to as the "Hudson Tunnel Project" (HTP).

*See id.* at 5.  GDC claims in its MPSJ that "GDC is contractually entitled to these funds, and DOT's breach of its contractual obligations has inflicted damages in the amount of the total withheld payments, $205,275,357.69."  *Id.* at 39.

On the same day it filed its complaint in this action, GDC moved to expedite the Court's consideration of its MPSJ (which had not yet been filed).  *See* Pl. Mem. to Expedite, ECF No. 3-1.[1]  GDC asserted that it "cannot continue operations without the past-due payments," but that "[i]f this Court acts quickly enough, GDC may be able to avert the catastrophe that a long-term suspension . . . of the HTP would inflict on the many hundreds of construction workers actively engaged, on the many thousands of workers to be engaged, and on the New York, New Jersey, and national economies."  *Id.* at 13.

GDC filed its MPSJ on February 9, 2026.  On February 10, 2026, this Court partly granted GDC's motion to expedite, insofar as the Court ordered the Government's response to be filed by February 27, 2026.  Order, ECF No. 21.  Moreover, the Court has stated that it expects to rule from the bench at oral argument, which is currently scheduled for March 12, 2026.  *See* Order, ECF No. 21.

Just after GDC sued for breach of contract in this Court, the State of New Jersey and the State of New York – the creators of GDC – filed suit in the United States District Court for the Southern District of New York (S.D.N.Y.), pursuant to the Administrative Procedure Act.  *See* Complaint, *State of New Jersey v. United States Dep't of Transp.*, No. 1:26-cv-00939 (S.D.N.Y. Feb. 3, 2026) (*New Jersey v. DOT*), ECF No. 1.  The states allege that DOT acted contrary to

---

[1] GDC stated in support of its motion to expedite that the other counts in its complaint, i.e., for costs caused by suspension (Count VII), and breach of the duty of good faith and fair dealing (Count VIII), "can be resolved on a standard schedule."  *See* Pl. Mem. to Expedite at 10 n.2, ECF No. 3-1.

law, and arbitrarily and capriciously, by suspending payments that the states alleged were due under the same agreements that GDC has placed at issue in this action. *See id.* ¶ 96.

On February 6, 2026, the district court granted the states a temporary restraining order (TRO). TRO, *New Jersey v. DOT*, No. 1:26-cv-00939 (S.D.N.Y. Feb. 6, 2026), ECF No. 45. The district court denied the Government's motion to stay the TRO pending appeal, but granted an administrative stay to permit the Government to seek a stay pending appeal from the United States Court of Appeals for the Second Circuit. Order, *New Jerey v. DOT*, No. 1:26-cv-00939 (S.D.N.Y. Feb. 6, 2026), ECF No. 49. The Second Circuit did not rule on the stay motion prior to the expiration of the administrative stay. The administrative stay expired at 5:00 P.M. EST on February 12, 2026.[2]

Upon expiration of the administrative stay, DOT began the process of releasing the funds that the states alleged to be due. In a status report filed in the district court on February 17, 2026, the Government stated that it expected all reimbursements to be paid to GDC no later than yesterday, February 19, 2026. Status Report, *New Jersey v. DOT*, No. 1:26-cv-00939 (S.D.N.Y. Feb. 17, 2026), ECF No. 61 (Attachment A). On February 18, 2026, the Attorney General of New York stated that "New York and New Jersey received the remaining nearly $130 million owed for the Gateway Project, finally unlocking all the funding that had been frozen." *Attorney General James Provides Update on Gateway Project Funding*, https://ag.ny.gov/press-release/2026/attorney-general-james-provides-update-gateway-project-funding [https://perma.cc/TU8T-C3Y7] (last checked Feb. 19, 2026). DOT similarly understands all

---

[2] The Government's pending motion to stay the TRO pending appeal at the Second Circuit has been referred to a motions panel sitting as early as the week of February 23, 2026. Order, *State of New Jersey v. Dep't of Transp.*, No. 26-282 (2d Cir. Feb. 12, 2026), ECF No. 18.1.

transfers described in the attached status report to have been completed as of the filing of this motion.

Construction on the HTP will restart next week. *N.Y.-N.J. tunnel construction to resume after Trump releases funding*, https://www.nbcnews.com/politics/trump-administration/new-york-gateway-hudson-tunnel-construction-trump-releases-funds-rcna259703 [https://perma.cc/9XHT-LNNM] (last checked Feb. 20, 2026).

## ARGUMENT

GDC based its request for expedited summary judgment on adverse impacts that it alleged could occur if the Court did not quickly provide a remedy for the Government's purported breach of contract. Those impacts are no longer a concern, because DOT has paid the amounts that form the basis for the damages claim in GDC's MPSJ. A comparison of GDC's summary judgment motion to the status report filed in district court illustrates this point. For example, in its motion GDC asserts entitlement to $66,542,104.86, based on DOT's failure to reimburse requests made under the FTA CIG Grant. Pl. MPSJ Mem. at 37. The S.D.N.Y. status report in turn states that a payment by DOT of $66,542,105 was being processed under the CIG Grant as of the date of the status report, with receipt by GDC expected no later than February 18, 2026. Status Report at 2, *New Jersey v. DOT*, No. 1:26-cv-00939 (S.D.N.Y. Feb. 17, 2026), ECF No. 61. All of the other allegedly unpaid funds, forming the basis for all damages that GDC seeks in Counts I-VI of its complaint, are similarly accounted for in the status report.

GDC therefore now has the money it seeks in the pending MPSJ, and it is restarting construction of the HTP. The predicate for expedited treatment of the MPSJ no longer exists, and the Court should amend its order, to allow the Court to prioritize other matters pending before it. Moreover, the Government should not be required to immediately divert resources to this matter, where there is no longer any unique urgency.

4

Absent the current scheduling order, defendant's response to the MPSJ would be due on March 9, 2026 – 28 days after filing. *See* RCFC 7.2(b)(1). We respectfully request that the Court amend the schedule to set April 10, 2026, as the due date for the Government's response. This date will allow the Government time to more fully develop a response to summary judgment in a case that was filed less than three weeks ago, in addition to accommodating preplanned annual leave on the part of defendant's lead counsel, for international travel, from March 27, 2026, through April 6, 2026. The due date for plaintiff's reply brief, and oral argument on the MPSJ, would follow in due course.

Finally, we request expedited consideration of this motion, to avoid the need for the Government to continue preparing a response to the MPSJ for filing on February 27, 2026.

## CONCLUSION

For these reasons, the Court should grant this motion to amend the schedule with respect to GDC's motion for partial summary judgment, such that the Government's response brief is due on April 10, 2026.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/Geoffrey M. Long
GEOFFREY M. LONG
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington D.C.  20044
Telephone: (202) 307-0159
E-Mail: Geoffrey.M.Long@usdoj.gov

February 20, 2026                              Attorneys for Defendant

# ATTACHMENT A

# (Status Report dated Feb. 17, 2026)

# ATTACHMENT A

# (Status Report dated Feb. 17, 2026)



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

February 17, 2026

**By ECF**
The Honorable Jeannette A. Vargas
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *State of New Jersey, et al., v. United States Department of Transportation, et al.*, No. 26 Civ. 939 (JAV)

Dear Judge Vargas:

    This Office represents defendants (the "government") in the captioned action brought pursuant to the Administrative Procedures Act ("APA"). The government writes pursuant to the Court's February 13, 2026, order directing the government to provide a written status report concerning disbursements to the Gateway Development Commission ("GDC"). *See* Minute Entry for 2/13/2026.

    As the government represented at the status conference on Friday, February 13, the Department of Transportation ("DOT") promptly lifted the administrative suspension on disbursements when this Court's Temporary Restraining Order ("TRO") went back into effect at 5:00 pm on Thursday, February 12.

    Since that time, DOT has been working without delay to process GDC's reimbursement requests under the six agreements at issue in this action in the normal course of its payment operations. In particular DOT has confirmed the following:

1. With respect to the three loan agreements executed between the Build America Bureau (the "Bureau") and GDC under the Railroad Rehabilitation Improvement Financing ("RRIF") program, all outstanding reimbursement requests[1] totaling $30,207,203 were paid on Friday, February 13:

    a. Under Agreement No. 2024-0050, GDC had $8,635,615 in outstanding reimbursement requests. DOT processed the requests and sent them to the Department of the Treasury ("Treasury") on Friday, February 13. DOT has confirmed that the full $8,635,615 was disbursed to GDC the same day.

---

[1] GDC submitted an additional disbursement request under each loan agreement on January 30, 2026. Per the terms of the relevant loan agreement, DOT has until March 2, 2026, to make these additional disbursements. DOT is processing these disbursement requests in its normal payment process.

- b. Under Agreement No. 2024-0052, GDC had $1,863,630 in outstanding reimbursement requests. DOT processed the requests and sent them to Treasury on Friday, February 13. DOT has confirmed that the full $1,863,630 was disbursed to GDC the same day.

- c. Under Agreement No. 2024-0051, GDC had $19,707,958 in outstanding reimbursement requests. DOT processed the requests and sent them to Treasury on Friday, February 13. DOT has confirmed that the full $19,707,958 was disbursed to GDC the same day.

2. With respect to the Federal Transit Administration ("FTA") grant agreements executed between FTA and GDC under the Capital Improvements Grant ("CIG") program, GDC had $66,542,105 in outstanding reimbursement requests. On Friday, February 13, FTA approved the full $66,542,105 and transmitted this payment to Treasury. Treasury is processing the request. We understand that GDC should receive payment today or tomorrow

3. With respect to the FTA grant agreements executed between FTA and GDC under the Rehabilitating Infrastructure for Sustainability and Equity ("RAISE") program, GDC had $2,279,166 in outstanding reimbursement requests. DOT sent payments to Treasury for all outstanding reimbursement requests totaling $2,279,166 on Friday, February 13. Treasury is processing the requests. We understand that GDC should receive payment today or tomorrow.

4. With respect to the Federal Railroad Administration ("FRA") grant agreement between FRA and GDC under the Federal-State Partnership for Intercity Passenger Rail ("FSP") program, GDC had $136,724,429 in outstanding reimbursement requests. On Friday, February 13, FRA approved $8.8 million, which covers the first of five invoices GDC submitted, and transmitted this payment to Treasury. We understand that GDC should receive the payment today or tomorrow. The remaining four invoices of approximately $128 million were approved Friday evening and were sent to Treasury today at 2:30 PM. We understand that GDC should receive the payment tomorrow or Thursday, February 19, 2026.

At the status conference, the Court asked Defendants to confirm whether FTA's Electronic Clearing House Operation ("ECHO") system required FTA to reject GDC's previously submitted reimbursement requests. FTA confirmed that unless GDC's requests were rejected in the ECHO system or the internal financial management system in which requests are subsequently processed, they would have been processed and transmitted to Treasury, despite the fact that this Court had administratively stayed its order and DOT's suspension was still in effect. As such, it was necessary for FTA to reject the reimbursement requests and for GDC to resubmit them, once the administrative stay was lifted.

We thank the Court for its consideration of this letter.

                                             Respectfully,

                                             JAY CLAYTON
                                             United States Attorney for the
                                             Southern District of New York

                       By:    */s/ Chibogu Nneka Nzekwu*
                              C. NNEKA NZEKWU
                              TARA SCHWARTZ
                              Assistant United States Attorney
                              86 Chambers Street, Third Floor
                              New York, NY 10007
                              Tel: (212) 637-2737
                              Email: chibogu.nzekwu@usdoj.gov
                              Email: tara.schwartz@usdoj.gov

cc: Counsel for Plaintiff (By ECF)